UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                6:12-cr-51-ORL-22TBS

WILLIAM WASHINGTON

## ORDER

Defendant, William Washington was arrested on an indictment charging him with three counts of robbery and three counts of knowingly using and carrying a firearm during and in relation to a crime of violence. (Doc. 1). At his initial appearance he requested court appointed counsel and the Court appointed the Public Defender for the Middle District of Florida to represent him. (Id.) Assistant Public Defender James W. Smith, III was the first lawyer in the Public Defender's office to represent the Defendant. (Id.) On May 10, 2012, Assistant Public Defender Adam S. Tannenbaum filed his notice of appearance and substitution for Mr. Smith as Defendant's counsel of record. (Doc. 14).

The Government and the Defendant, represented by Mr. Tannenbaum, negotiated and entered into a Plea Agreement to resolve this case. (Doc. 21). On July 25, 2012, the Defendant pled guilty to Counts 4, 5 and 6 of the Indictment and his sentencing is currently scheduled for 9:00 a.m. on October 31, 2012. (Docs. 24 & 27). On September 6, 2012, Assistant Public Defender Stephen J. Langs filed his notice of appearance and substitution in the place of Mr. Tannenbaum as counsel for the Defendant. (Doc. 26).

Pending before the Court is the Defendant's pro se Emergency Motion for

Discharge of Counsel Due to Rule 44 Violation (Doc. 28).[1]  The motion was referred to the undersigned for disposition.  The Defendant seeks a stay of all further proceedings while the Court investigates what the Defendant characterizes as a conflict of interest which resulted from Mr. Langs taking the case over from Mr. Tannenbaum.  While the Defendant appears to want Mr. Tannenbaum back on his case, he has not explained why there is a conflict of interest.  He does however, make reference to "joint" representation.

There is no joint representation in this case because the Defendant has been continuously represented by the Public Defender.  Both Mr. Tannenbaum and Mr. Langs are assistant public defenders and thus, the Court treats them as members of the same law firm.  Reynolds v. Chapman, 253 F.3d 1337, 1344 (11th Cir. 2001).  The duties and loyalties of a particular lawyer are imputed to the members of his firm, so here, if either lawyer had a conflict, the Public Defender's office as a whole would have a conflict.  Id.  An actual conflict of interest is "more than a possible, speculative, or a merely hypothetical conflict."  Id. at 1342-43.  The Defendant has not articulated any conflict that would prevent Mr. Langs from representing him, and on this record, I do not find a conflict that precludes any attorney in the Public Defender's officer from representing the Defendant.

The right to counsel in a criminal case is guaranteed by the Sixth Amendment to the United States Constitution.  Federal Rule of Criminal Procedure 44 provides that a defendant who is unable to employ his own lawyer is entitled to have counsel appointed to represent him at every stage of the case, from the initial appearance through appeal, unless the defendant waives this right.  The Rule addresses concerns about conflicts of

---

[1] Hereafter, all facts and arguments are taken from the Defendant's motion (Doc. 28).

interest which result from the joint representation of more than one defendant by the same lawyer.  The Rule provides that in cases involving the joint representation of multiple defendants, the Court has the responsibility to inquire and ensure that appropriate measures are taken to protect each defendant's right to counsel. Fed.R.Crim.P. 44(c)(2).  The Defendant has not identified any co-defendant who is represented by the Public Defender.  He is the sole defendant in this case and the case has not been consolidated with any other case for any purpose.  Therefore, I find that Rule 44 does not apply.

      The Defendant's real concern appears to be that Mr. Langs does not have first hand knowledge of promises allegedly made to the Defendant by Mr. Tannenbaum which the Defendant says induced him to enter his plea of guilty.  Specifically, the Defendant alleges that Mr. Tannenbaum promised him the Government will recommend that his federal sentence run concurrently with a state sentence he is already serving and that the Government will not oppose his request to be sentenced at the bottom of the applicable guidelines range.  The Defendant says these alleged promises have not been reduced to writing and he does not want Mr. Tannenbaum removed as his lawyer before his Plea Agreement is modified to include these terms.  The Defendant contends that this issue must be addressed before he is sentenced.  He believes this situation would not have occurred if the Court had held a hearing concerning the substitution of Mr. Langs for Mr. Tannenbaum because then he would have had an opportunity to object.   He argues that the failure by the Court to hold a hearing constitutes a denial of his right to procedural due process.  Now, the Defendant is requesting a hearing to address these issues and asks that Mr. Langs be removed as his lawyer unless the Plea Agreement is

modified to include the additional terms allegedly promised by Mr. Tannenbaum.

The Defendant's motion is based upon speculation about what he fears might occur at his sentencing. This is not a true emergency and to date, the Defendant has not suffered any actual, identifiable injury for which he is entitled to redress by the Court. At the conclusion of his motion, the Defendant suggests that he may wish to withdraw his guilty plea. If that is the case, then the Defendant should file a motion setting out all of his grounds and specifically requesting that relief.

One of the things Mr. Tannenbaum allegedly promised the Defendant is that the Government will recommend he receive a sentence at the low end of the sentencing guidelines. Assuming Mr. Tannenbaum made this representation, it is contained in paragraph A.10 of the Plea Agreement, which says:

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Accordingly, the Plea Agreement does not require amendment to address this concern, and the Defendant has not explained why Mr. Langs will be unable to competently represent his interests on this point at sentencing.

The Plea Agreement does not include an agreement by the Government to recommend that the Defendant be sentenced to a period of incarceration concurrent with the state sentence he is currently serving. It does however, contain an integration clause, which states that:

> This plea agreement constitutes the entire agreement between

the government and the defendant with respect to the
aforementioned guilty plea and no other promises, agreements,
or representations exist or have been made to the defendant or
defendant's attorney with regard to such guilty plea.

The undersigned was not present for the Defendant's plea colloquy but it is likely that this point was covered with the Defendant at that time. Regardless, at this point the Defendant has not motioned the Court to withdraw his plea and he should not be heard to complain about an alleged promise not contained within the fully integrated Plea Agreement he signed.

Therefore, the Defendant's Emergency Motion for Discharge of Counsel Due to Rule 44 Violation (Doc. 28) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on October 24, 2012.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to:

The Presiding United States District Judge
All Counsel of Record
Defendant, William Washington