UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  6:12-cr-51-ORL-22TBS

WILLIAM ERIC WASHINGTON
_____

ORDER

On October 31, 2012, Defendant appeared before the District Judge for sentencing. During the hearing there was concern about Defendant's legal competency to proceed and the Court granted defense counsel's ore tenus motion to determine competency. (Docs. 30, 31 and 34). The Court directed that Defendant should be evaluated locally, by Dr. Jeffrey A. Danziger. (Doc. 34). Dr. Danziger has completed his evaluation and provided his written report. (S. 1). Based upon this report, which the Court has read, defense counsel has renewed his motion to determine competency and asks that a more thorough, substantive evaluation be made by the Bureau of Prisons. (Doc. 34). Defendant's attorney represents that he has conferred with the Assistant United States Attorney assigned to this case and the Government does not oppose the motion. (Id.)

Title 18, United States Code, § 4241(a) provides:

At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the

> extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Upon due consideration, the motion is GRANTED and it is ORDERED that:

1. Defendant William Eric Washington is hereby committed to the custody of the Attorney General for a period not to exceed thirty days from the date of this Order for psychiatric or psychological examination at a suitable facility to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §§ 4241 and 4247(b). The examination shall be conducted in the suitable facility closest to the Court unless impracticable. 18 U.S.C. § 4247(b).

2. At the expiration of the thirty-day examination period, the Attorney General shall cause the Defendant to be transported promptly to the Middle District of Florida for a hearing before me pursuant to 18 U.S.C. § 4241(c), unless the date is extended before that deadline pursuant to a motion filed by an Assistant United States Attorney at the request of the director of the medical facility. Extensions shall not exceed fifteen days. 18 U.S.C. § 4247(b).

3. The Attorney General shall cause a psychiatric or psychological report prepared by the examiner to be filed with the Court with copies to counsel for the United States and the Defendant within fifteen days after the expiration of the time set forth in paragraph 2 above. The report shall discuss each of the factors enumerated in 18 U.S.C. § 4247(c)(1), (2), (3) and (4)(A).

4. Promptly after receipt of the report of the examiner, the United States shall file a motion for a competency hearing.

DONE and ORDERED in Orlando, Florida on December 12, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Counsel of Record
    Attorney General
    United States Marshal